[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a contested dissolution action involving a childless marriage of just over four years duration.
The court finds that the jurisdictional requirements have been met and that the marriage has broken down irretrievably. The marriage should be and is dissolved. The plaintiff may resume her maiden name, Murphy. CT Page 2218
As to the division of assets, the defendant husband has made such wholesale demands that the court seriously questions the defendant's sincerity. In considering the distribution of assets, the court has considered the requirements of Sections 46b-81 46b-82, et als, of the Connecticut General Statutes.
Apparently, the basis for some of the defendant-husband's claims is his unsupported allegation that the plaintiff-wife took all of his income, never accounted to him, and "walked away" with $140,000. of his earnings. Considering that the defendant's highest salary was $44,500., and that in 1985, he was earning $33,000. this alleged conversion was no mean feat.
The defendant failed to give the court any breakdown of the expenditures made on account of the couple over the four years of the marriage and months they lived together prior thereto. The plaintiff gave the court a picture of the life style of this couple and it is obvious that they spent a lot of money, at times in excess of their earnings. For example, the plaintiff testified that during the life of the marriage, $20,000. was disbursed in child support payments on behalf of the defendant.
The defendant's unrealistic version of what happened to his money supports the plaintiff's claim that she managed the money matters because the defendant was not very good at such things.
Equally dubious is the defendant's claim that he should now receive half of the plaintiff's interest in some real estate ventures, acquired during the marriage. The plaintiff is personally liable on mortgages which financed the purchases. As in the case of his earnings, the defendant claims the plaintiff was a tyrant and refused to let him participate in the activities.
The plaintiff also purchased a business five days before the defendant moved out. All of the payments on the notes signed by her to pay for the business were made by her after the separation. The defendant would like one half of this business. The defendant values this business at $250,000., but offered no evidence to support that figure. He knows personally the prior owner but she did not testify at the trial.
It is the order of the court that:
1. The plaintiff-wife shall retain the condominium she owned prior to the marriage at 47 Stratton Way in Branford and shall hold the defendant harmless on the mortgage and the equity loan encumbering it.
2. The plaintiff shall retain her interest in William Properties and Nutmeg Properties, free and clear of any claim of CT Page 2219 the defendant.
3. The plaintiff shall retain her time share at Lehigh Acres in Florida.
4. The defendant shall retain the lots he owned in Florida prior to the marriage.
5. The defendant is awarded the Jaguar, the Caravan and the Triumph, and will assume any loan balances, holding the plaintiff harmless.
6. The plaintiff shall retain her business, Fashionations, free and clear of any claim of the defendant.
7. Each party shall relinquish to the other any claim to their respective IRAs and pension plans.
8. The plaintiff shall retain her U.S. Savings Bonds and
Merck stock.
9. The joint account at Gruntal shall be divided equally.
10. Neither party is awarded alimony.
11. Each party shall be responsible for his or her own counsel fees.
Anthony V. DeMayo, Judge